UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL AKINS,

           Petitioner,                        Case No. 22-cv-10518

v.

                                          Hon. Matthew F. Leitman

GEORGE STEPHENSON,

           Respondent.

_____/

## ORDER (1) DIRECTING THE CLERK OF COURT TO TRANSFER THIS CASE TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS PETITION AND (2) DENYING AS MOOT PETITIONER'S MOTION FOR A STAY (ECF No. 2)

Petitioner Randall Akins is a state prisoner in the custody of the Michigan Department of Corrections.   On March 1, 2022, Akins filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  Akins has also filed a motion to stay this case. (*See* Mot., ECF No. 2.)  In the petition, Akins seeks relief from his convictions in the Macomb County Circuit Court on the grounds that he was denied the effective assistance of trial and appellate counsel. (*See* Pet., ECF No. 1, PageID.1, 5-10.)  He acknowledges that he did not raise these claims on direct appeal or in a post-conviction motion (*see id*., PageID.6-7, 9-10), and he appears to say that he currently is pursuing state remedies for a sentencing issue in the Macomb County Circuit Court (*see* Mot., ECF No. 2, PageID.18-19, 22-24).

1

When screening Akins' case, the Court noticed that he previously challenged his same Macomb County convictions in a habeas case that was decided on the merits.  His current petition, therefore, is a second or successive habeas petition. Accordingly, for the reasons explained below, the Court **DENIES** Akins' motion for a stay and **DIRECTS** the Clerk of Court to transfer this case to the United States Court of Appeals for the Sixth Circuit for a determination of whether this Court may address Akins' substantive claims.

## I

Following a jury trial in Macomb County Circuit Court in 2004, Akins was convicted of two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, one count of discharging a firearm into a dwelling or occupied building, Mich. Comp. Laws § 750.234b, one count of discharging a firearm from a vehicle, Mich. Comp. Laws § 750.234a, and four counts of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. *See People v. Akins*, 2006 WL 141679, at *1 (Mich. Ct. App. Jan. 19, 2006).  The trial court then sentenced Akins to concurrent terms of 23 years, 9 months, to 80 years in prison for each assault conviction and to 2 years, 5 months, to 4 years for each discharge-of-a-firearm conviction. *See id*.  Finally, the trial court sentenced Akins to four concurrent terms of two years for each felony-firearm conviction, to be served consecutively to the other sentences.  *See id*.

Akins filed an appeal of right in the Michigan Court of Appeals, and he argued that (1) there was insufficient evidence at trial to support most of his convictions and (2) the state trial court violated his right of confrontation by refusing to allow him to elicit testimony that a witness avoided a life sentence by testifying against him. The Michigan Court of Appeals rejected those claims and affirmed Akins' convictions in an unpublished, *per curiam* decision. *See id*. Akins then applied for leave to appeal in the Michigan Supreme Court. On September 26, 2006, that court denied leave to appeal because it was not persuaded to review the questions presented. *See People v. Akins*, 721 N.W.2d 215 (Mich. 2006).

In 2007, Akins filed a habeas corpus petition in this Court in which he sought relief on the same grounds that he had presented to the state courts on direct review. United States District Judge Thomas L. Ludington denied Akins' petition on the merits because the evidence was sufficient to support the jury's verdict and because Akins' right to confrontation was not violated. *See Akins v. Sherry,* E.D. Mich. Case No. 07-12420, 2009 WL 3874307 (E.D. Mich. Nov. 17, 2009).

On March 1, 2022, Akins filed this action. As noted above, Akins claims that he was deprived of his right to effective assistance of trial and appellate counsel, and he concedes that he did not exhaust state remedies for these claims. (*See* Pet., ECF No. 1, PageID.5-10). In his motion for a stay, Akins asks the Court to hold his

petition in abeyance while he exhausts state remedies for one or more claims. (*See* Mot., ECF No 2.)

## II

State prisoners generally are entitled to one opportunity to seek federal habeas relief from their convictions; accordingly, they usually may not file a second or successive habeas application. *See Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020). A habeas petitioner who wants to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

"The phrase 'second or successive application,' . . . is a 'term of art,' which 'is not self-defining.'" *Banister*, 140 S. Ct. at 1705 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), and *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)). *See also In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (noting that Section 2244(b) "limits 'second or successive' applications," but "does not define 'second or successive'"). Nevertheless, "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).

A petition normally is "second or successive" if it is a second challenge to the state judgment authorizing the petitioner's confinement. *In re Caldwell*, 917 F.3d at 893 (citing *Magwood*, 561 U.S. at 332-33). A petition is not second or successive

when "ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" or when "a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

Akins' current petition is another attempt to invalidate the same state-court judgment that was the subject of his first habeas corpus petition. Judge Ludington denied that petition on the merits, and Akins' ineffectiveness and sentencing claims were ripe at that time. Thus, Akins' current petition is a second or successive petition.

Federal district courts lack jurisdiction to consider a second or successive habeas petition if the petitioner did not first obtain authorization from the appropriate Court of Appeals to file the petition. *Burton v. Stewart*, 549 U.S. 147, 149, 152 (2007); *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016). Furthermore, the Sixth Circuit Court of Appeals has held that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Court of Appeals], the district court [must] transfer the document to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**III**

For all of the reasons explained above, Akins' habeas petition is a second or successive petition, and he has not obtained permission from the Sixth Circuit Court of Appeals to file that petition.  Accordingly, the Court **ORDERS** the Clerk of the Court to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*.

**IT IS FURTHER ORDERED** that Akins' motion for a stay (ECF No. 2) is **DENIED** as moot.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 27, 2022

I hereby certify that a copy of the foregoing   document was served upon the parties and/or counsel of record on September 27, 2022, by electronic means and/or ordinary mail.

s/Erica Parkin on behalf of
Holly A. Ryan, Case Manager
(313) 234-5126